UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGELINA RODRIGUEZ,

Plaintiff,

-against-

THE CITY OF NEW YORK; and JOHN/JANE DOES, Nos. 1-10 (the names John and Jane Doe being fictitious, as the true names are presently unknown to plaintiff),

Defendants.

---

**COMPLAINT**

**Jury Trial Demanded**

**ECF Case**

Plaintiff ANGELINA RODRIGUEZ, by her attorney, Robert T. Perry, respectfully alleges as follows:

## NATURE OF ACTION

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of her civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts supplemental claims under New York law.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4. The Court has jurisdiction over plaintiff's supplemental state law claims under 28 U.S.C. § 1367.

5. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

6. Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff ANGELINA RODRIGUEZ is a resident of the City, County, and State of New York.

8. Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

9. All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual capacities.

10. At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual

defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

11. At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

12. On Tuesday, February 17, 2015, at about 6:00 p.m., police officers arrested plaintiff's son Robert Rodriguez allegedly for possessing and selling marijuana in the lobby of the apartment building at 242 East 2nd Street in Manhattan where plaintiff lives.

13. Robert Rodriguez did not commit the charged crimes or any other crime or offense that evening.

14. The officers who arrested Robert Rodriguez lacked probable cause to believe that he had committed any crime or offense.

15. That same evening, Tuesday, February 17, 2015, at about 6:20 p.m., a detective ("defendant Doe No. 1") came upstairs to plaintiff's apartment at 242 East 2nd Street and knocked on plaintiff's door.

16. When plaintiff opened the door, defendant Doe No. 1 told plaintiff that he had just arrested her son Robert Rodriguez downstairs on marijuana charges and demanded that plaintiff turn over Robert Rodriguez's cell phone.

17. Believing her son innocent of the charges, plaintiff refused to turn over any cell phone to defendant Doe No. 1.

18. Defendant Doe No. 1 then told plaintiff that he would return with a search warrant and kick down the door to plaintiff's apartment.

19. The next day, Wednesday, February 18, 2015, defendant Doe No. 1 knowingly and intentionally falsely stated in an affidavit in support of an application for a search warrant for plaintiff's apartment that plaintiff's son Robert Rodriguez had possessed and sold marijuana in the lobby of the apartment building at 242 East 2nd Street the previous evening.

20. As a result of defendant Doe No. 1's knowing and intentional false sworn statement, a search warrant was issued for plaintiff's apartment.

21. At about 5:50 p.m. on Wednesday, February 18, 2015, defendant Doe No. 1 and other police officers (also Doe defendants) executed the search warrant on plaintiff's apartment, breaking down the front door to the apartment.

22. Neither plaintiff nor any member of her family were home at the time.

23. During the search, defendant Doe No. 1 and the other police officers present inflicted unnecessary and unreasonable damage on plaintiff's apartment, dumping the contents of drawers and closets on the floor, poking holes in a wall, and breaking a kitchen cabinet, the beds of plaintiff's two daughters, and a plastic Christmas tree.

24. Police officers also seized $500 in cash and an Apple IPhone.

25. Defendant Doe No. 1 and the other police officers who conducted the search of plaintiff's apartment acted intentionally and maliciously to inflict unnecessary and unreasonable damage on plaintiff's apartment.

26. Defendant Doe No. 1 and the police officers who participated in the above-described events were aware of each other's misconduct towards plaintiff, had a realistic opportunity to intervene to prevent the harm to plaintiff, and failed to do so.

27. The charges against plaintiff's son Robert Ramirez for allegedly possessing and selling marijuana in the lobby of the apartment building at 242 East 2nd Street on the evening of February 17, 2015 were later dismissed for failure to prosecute.

28. As a result of the foregoing, plaintiff sustained, *inter alia*, property damage, emotional distress, mental anguish, and violation of her constitutional rights.

## FIRST CLAIM FOR RELIEF

### (Unreasonable Search Claim Under 42 U.S.C. § 1983)

29. Plaintiff repeats and realleges paragraphs "1" through "28" with the same force and effect as if they were fully set forth herein.

30. Plaintiff asserts this claim against the Doe defendants.

31. Defendants, acting in concert and within the scope of their authority, conducted a search of plaintiff's apartment without probable cause, privilege, or consent, in violation of plaintiff's right to be free from unreasonable search under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Unreasonable Search Claim Under 42 U.S.C. § 1983)

32. Plaintiff repeats and realleges paragraphs "1" through "31" with the same force and effect as if they were fully set forth herein.

33. Plaintiff asserts this claim against the Doe defendants.

34. Defendants, acting in concert and within the scope of their authority, intentionally and maliciously inflicted unnecessary and unreasonable damage to plaintiff's property in executing a search warrant on plaintiff's apartment, in violation of plaintiff's right to be free

from unreasonable search under the Fourth and Fourteenth Amendments to the United States Constitution.

**THIRD CLAIM FOR RELIEF**

**(Failure-to-Intervene Claim Under 42 U.S.C. § 1983)**

35. Plaintiff repeats and realleges paragraphs "1" through "34" with the same force and effect as if they were fully set forth herein.

36. Plaintiff asserts this claim against the Doe defendants.

37. Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having a realistic opportunity to do so, in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**Supplemental State Law Claims**

38. Plaintiff repeats and realleges paragraphs "1" through "37" with the same force and effect as if fully set forth herein.

39. Within ninety (90) days after the claims herein arose, plaintiff duly served upon, presented to, and filed with the City a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

40. More than thirty (30) days have elapsed since the presentation of plaintiff's claims to the City. The City has wholly neglected or refused to make an adjustment or payment thereof.

41. This action was commenced within one year and ninety (90) days after the claims accrued.

42. Plaintiff has complied with all conditions precedent to maintaining this action.

**FOURTH CLAIM FOR RELIEF**

**(Unreasonable Search Under New York Law)**

43. Plaintiff repeats and realleges paragraphs "1" through "42" with the same force and effect as if they were fully set forth herein.

44. Plaintiff asserts this claim against all defendants.

45. Defendants, acting in concert and within the scope of their authority, conducted a search of plaintiff's apartment without probable cause, privilege, or consent, in violation of plaintiff's right to be free from unreasonable search under Article 1, Section 12 of the New York Constitution.

**FIFTH CLAIM FOR RELIEF**

**(Unreasonable Search Under New York Law)**

46. Plaintiff repeats and realleges paragraphs "1" through "45" with the same force and effect as if they were fully set forth herein.

47. Defendants, acting in concert and within the scope of their authority, intentionally and maliciously inflicted unnecessary and unreasonable damage to plaintiff's property in executing a search warrant on plaintiff's apartment, in violation of plaintiff's right to be free from unreasonable search under Article 1, Section 12 of the New York Constitution.

**SIXTH CLAIM FOR RELIEF**

**(Intentional Infliction of Emotional Distress Under New York Law)**

48. Plaintiff repeats and realleges paragraphs "1" through "47" with the same force and effect as if they were fully set forth herein.

49. Defendants, acting in concert and within the scope of their authority, subjected plaintiff to extreme and outrageous conduct which exceeded all reasonable bounds of decency for the sole purpose of causing severe emotional distress to plaintiff.

## SEVENTH CLAIM FOR RELIEF

### (*Respondeat Superior* Claim Under New York Law)

50. Plaintiff repeats and realleges paragraphs "1" through "49" with the same force and effect as if they were fully set forth herein.

51. Plaintiff asserts this claim against defendant City.

52. Defendant City is vicariously liable for the acts of the NYPD employees and agents who were on duty and acting in the scope of their employment when they engaged in the above unlawful conduct.

## EIGHTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Claim Under New York Law)

53. Plaintiff repeats and realleges paragraphs "1" through "52" with the same force and effect as if they were fully set forth herein.

54. Plaintiff asserts this claim against defendant City.

55. Defendant City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct.

## NINTH CLAIM FOR RELIEF

### (Negligent Training and Retention Claim Under New York Law)

56. Plaintiff repeats and realleges paragraphs "1" through "55" with the same force and effect as if they were fully set forth herein.

57. Plaintiff asserts this claim against defendant City.

58. Defendant City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

(A) Compensatory damages in an amount to be determined at trial;

(B) Punitive damages in an amount to be determined at trial;

(C) Reasonable attorney's fees and costs of this litigation; and

(D) Such other relief as this Court deems just and proper.

Dated: Brooklyn, New York
May 17, 2016

Respectfully submitted,

Robert T. Perry

ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

ANGELINA RODRIGUEZ,

Plaintiff,

-against-

THE CITY OF NEW YORK; and JOHN/JANE DOES, Nos. 1-10 (the names John and Jane Doe being fictitious, as the true names are presently unknown to plaintiff),

Defendants.

---------------------------------------------------------------------x

**COMPLAINT**

ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*