UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

ANGELINA RODRIGUEZ,                                        :
                                                          :
                              Plaintiff,                   :
                                                          :
        -against-                                         :
                                                          :
THE CITY OF NEW YORK; IAN SCHEINBLUM;                      :      **SECOND AMENDED**
UNDERCOVER OFFICER 276; DANIEL DOOLEY;                     :      **COMPLAINT**
CHARLES HYLAND; BRIAN BYRNES; STEVEN                       :
JILLING; JAMES ROMANO; DAVID GUEVARA;                      :      **Jury Trial Demanded**
THOMAS LEE; EDWIN FELICIANO; SPENCER                       :
GARRETT; JOHN McNAMARA; JOHNPAUL                           :      **ECF Case**
VINCULADO; and JOHN/JANE DOES, Nos. 1-10                   :
(the names John and Jane Doe being fictitious, as the      :      16 Civ. 3689 (KPF) (RLE)
true names are presently unknown to plaintiff),           :
                                                          :
                              Defendants.                  :
----------------------------------------------------------------------x

      Plaintiff ANGELINA RODRIGUEZ, by her attorney, Robert T. Perry, respectfully

alleges as follows:

**NATURE OF ACTION**

      1.    Plaintiff brings this action for compensatory damages, punitive damages, and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of her civil

rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States

Constitution.  Plaintiff also asserts supplemental claims under New York law.

**JURISDICTION AND VENUE**

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

      3.    The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. §

1331 and 28 U.S.C. § 1343.

4.       The Court has jurisdiction over plaintiff's supplemental state law claims under 28 U.S.C. § 1367.

5.       Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

6.       Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7.       Plaintiff ANGELINA RODRIGUEZ is a resident of the City, County, and State of New York.

8.       Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York.  The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible.   The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

9.       Defendant IAN SCHEINBLUM is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Scheinblum was a detective assigned to the Narcotics Borough Manhattan South.  Defendant Scheinblum is being sued in his individual capacity.

10.       Defendant UNDERCOVER OFFICER 276 ("UC 276") is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the

2

relevant times herein, defendant UC 276 was a detective assigned to the Narcotics Borough Manhattan South.  Defendant UC 276 is being sued in his individual capacity.

11.     Defendant DANIEL DOOLEY is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Dooley was a captain.  Defendant Dooley is being sued in his individual capacity.

12.     Defendant CHARLES HYLAND is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Hyland was a lieutenant.  Defendant Hyland is being sued in his individual capacity.

13.     Defendant BRIAN BYRNES (Shield No. 00969) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Byrnes was a sergeant.  Defendant Byrnes is being sued in his individual capacity.

14.     Defendant STEVEN JILLING (Shield No. 24016) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Jilling was a detective.  Defendant Jilling is being sued in his individual capacity.

15.     Defendant JAMES ROMANO (Shield No. 01748) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Romano was a police officer.  Defendant Romano is being sued in his individual capacity.

16.     Defendant DAVID GUEVARA (Shield No. 07165) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the

relevant times herein, defendant Guevara was a detective. Defendant Guevara is being sued in his individual capacity.

17.     Defendant THOMAS LEE (Shield No. 1803) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Lee was a police officer. Defendant Lee is being sued in his individual capacity.

18.     Defendant EDWIN FELICIANO (Shield No. 02247) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Feliciano was a detective. Defendant Feliciano is being sued in his individual capacity.

19.     Defendant SPENCER GARRETT (Shield No. 16468) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Garrett was a police officer. Defendant Garrett is being sued in his individual capacity.

20.     Defendant JOHN McNAMARA (Shield No. 22960) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant McNamara was a police officer. Defendant McNamara is being sued in his individual capacity.

21.     Defendant JOHNPAUL VINCULADO (Shield No. 26234) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Vinculado was a police officer. Defendant Vinculado is being sued in his individual capacity.

4

22.     All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants are being sued in their individual capacities.

23.     At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

24.     At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

25.     On Tuesday, February 17, 2015, at about 6:00 p.m., police officers arrested plaintiff's son Robert Rodriguez allegedly for possessing and selling marijuana to defendant UC 276 in the lobby of the apartment building at 242 East 2nd Street in Manhattan where plaintiff lives.

26.     Robert Rodriguez did not commit the charged crimes or any other crime or offense that evening.

27.     The officers who participated in the arrest of Robert Rodriguez, including defendants Scheinblum and UC 276, lacked probable cause to believe that Robert Rodriguez had committed any crime or offense.

5

28.     That same evening, Tuesday, February 17, 2015, at about 6:20 p.m., defendant Scheinblum came upstairs to plaintiff's apartment at 242 East 2nd Street and knocked on plaintiff's door.

29.     When plaintiff opened the door, defendant Scheinblum told plaintiff that he had just arrested her son Robert Rodriguez downstairs on marijuana charges and demanded that plaintiff turn over Robert Rodriguez's cell phone.

30.     Believing her son innocent of the charges, plaintiff refused to turn over any cell phone to defendant Scheinblum.

31.     Defendant Scheinblum then told plaintiff that he would return with a search warrant and kick down the door to plaintiff's apartment.

32.     The next day, Wednesday, February 18, 2015, defendant Scheinblum knowingly and intentionally falsely stated in an affidavit in support of an application for a search warrant for plaintiff's apartment that plaintiff's son Robert Rodriguez had possessed and sold marijuana in the lobby of the apartment building at 242 East 2nd Street the previous evening.

33.     As a result of defendant Scheinblum's knowing and intentional false sworn statement, a search warrant was issued for plaintiff's apartment.

34.     At about 5:50 p.m. on Wednesday, February 18, 2015, defendant Scheinblum and other police officers, including defendants Dooley, Hyland, Byrnes, Jilling, Romano, Guevara, Lee, Feliciano, Garrett, McNamara, and Vinculado, executed the search warrant on plaintiff's apartment, breaking down the front door to the apartment.

35.     Neither plaintiff nor any member of her family were home at the time.

36.     During the search, defendant Scheinblum and the other police officers present inflicted unnecessary and unreasonable damage on plaintiff's apartment, dumping the contents of

6

drawers and closets on the floor, poking holes in a wall, and breaking a kitchen cabinet, the beds

of plaintiff's two daughters, and a plastic Christmas tree.

37.     Police officers also seized $500 in cash and an Apple IPhone.

38.     Defendant Scheinblum and the other police officers who conducted the search of

plaintiff's apartment acted intentionally and maliciously to inflict unnecessary and unreasonable

damage on plaintiff's apartment.

39.     When plaintiff returned home that evening, she found the door to her apartment

padlocked.

40.     There was a handwritten note on the door stating: "SEARCH WARRANT

EXECUTED HERE 2/18/15 5:50 PM GO TO 7TH PRECINCT FOR KEY."

41.     Plaintiff immediately walked to the 7th Precinct, where she met with defendant

Scheinblum.

42.     Defendant Scheinblum refused to give plaintiff the key to the padlock on her

apartment door until plaintiff answered his questions about Robert Rodriguez's cell phone.

43.     Defendant Scheinblum also threatened to lock plaintiff up.

44.     Plaintiff understood that she was not free to leave.

45.     After plaintiff had answered his questions about Robert Rodriguez's cell phone,

defendant Scheinblum finally gave plaintiff the key to the padlock on her apartment door.

46.     Plaintiff returned home but was unable to open the door to her apartment because

the police officers executing the search warrant earlier that day had jammed the door.

47.     Police officers had to break down plaintiff's apartment door to enable plaintiff to

get back into her apartment.

48.    The police officers who participated in the above-described events were aware of each other's misconduct towards plaintiff, had a realistic opportunity to intervene to prevent the harm to plaintiff, and failed to do so.

49.    The charges against plaintiff's son Robert Ramirez for allegedly possessing and selling marijuana in the lobby of the apartment building at 242 East 2nd Street on the evening of February 17, 2015 were later dismissed for failure to prosecute.

50.    As a result of the foregoing, plaintiff suffered, *inter alia*, loss of liberty, property damage, emotional distress, mental anguish, and violation of her constitutional rights.

## FIRST CLAIM FOR RELIEF

### (Unreasonable Search Claim Under 42 U.S.C. § 1983)

51.    Plaintiff repeats and realleges paragraphs "1" through "50" with the same force and effect as if they were fully set forth herein.

52.    Plaintiff asserts this claim against defendants Scheinblum, UC 276, Dooley, Hyland, Byrnes, Jilling, Romano, Guevara, Lee, Feliciano, Garrett, McNamara, Vinculado, and Doe defendants.

53.    Defendants, acting in concert and within the scope of their authority, conducted a search of plaintiff's apartment without probable cause, privilege, or consent, in violation of plaintiff's right to be free from unreasonable search under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Unreasonable Search Claim Under 42 U.S.C. § 1983)

54.    Plaintiff repeats and realleges paragraphs "1" through "53" with the same force and effect as if they were fully set forth herein.

8

55.     Plaintiff asserts this claim against defendants Scheinblum, Dooley, Hyland, Byrnes, Jilling, Romano, Guevara, Lee, Feliciano, Garrett, McNamara, Vinculado, and Doe defendants.

56.     Defendants, acting in concert and within the scope of their authority, intentionally and maliciously inflicted unnecessary and unreasonable damage to plaintiff's property in executing a search warrant on plaintiff's apartment, in violation of plaintiff's right to be free from unreasonable search under the Fourth and Fourteenth Amendments to the United States Constitution.

### THIRD CLAIM FOR RELIEF

### (False Arrest and Imprisonment Under 42 U.S.C. § 1983)

57.     Plaintiff repeats and realleges paragraphs "1" through "56" with the same force and effect as if they were fully set forth herein.

58.     Plaintiff asserts this claim against defendant Scheinblum and Doe defendants.

59.     Defendants, acting in concert and within the scope of their authority arrested, and imprisoned plaintiff without reasonable suspicion or probable cause to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### FOURTH CLAIM FOR RELIEF

### (Failure-to-Intervene Claim Under 42 U.S.C. § 1983)

60.     Plaintiff repeats and realleges paragraphs "1" through "59" with the same force and effect as if they were fully set forth herein.

61.     Plaintiff asserts this claim against defendants Scheinblum, UC 276, Dooley, Hyland, Byrnes, Jilling, Romano, Guevara, Lee, Feliciano, Garrett, McNamara, Vinculado, and Doe defendants.

62.     Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having a realistic opportunity to do so, in violation of plaintiff's right to be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## Supplemental State Law Claims

63.     Plaintiff repeats and realleges paragraphs "1" through "62" with the same force and effect as if fully set forth herein.

64.     Within ninety (90) days after the claims herein arose, plaintiff duly served upon, presented to, and filed with the City a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

65.     More than thirty (30) days have elapsed since the presentation of plaintiff's claims to the City. The City has wholly neglected or refused to make an adjustment or payment thereof.

66.     This action was commenced within one year and ninety (90) days after the claims accrued.

67.     Plaintiff has complied with all conditions precedent to maintaining this action.

## FIFTH CLAIM FOR RELIEF

### (Unreasonable Search Under New York Law)

68.     Plaintiff repeats and realleges paragraphs "1" through "67" with the same force and effect as if they were fully set forth herein.

10

69.     Plaintiff asserts this claim against all defendants.

70.     Defendants, acting in concert and within the scope of their authority, conducted a search of plaintiff's apartment without probable cause, privilege, or consent, in violation of plaintiff's right to be free from unreasonable search under Article 1, Section 12 of the New York Constitution.

**SIXTH CLAIM FOR RELIEF**

**(Unreasonable Search Under New York Law)**

71.     Plaintiff repeats and realleges paragraphs "1" through "70" with the same force and effect as if they were fully set forth herein.

72.     Plaintiff asserts this claim against all defendants.

73.     Defendants, acting in concert and within the scope of their authority, intentionally and maliciously inflicted unnecessary and unreasonable damage to plaintiff's property in executing a search warrant on plaintiff's apartment, in violation of plaintiff's right to be free from unreasonable search under Article 1, Section 12 of the New York Constitution.

**SEVENTH CLAIM FOR RELIEF**

**(Intentional Infliction of Emotional Distress Under New York Law)**

74.     Plaintiff repeats and realleges paragraphs "1" through "73" with the same force and effect as if they were fully set forth herein.

75.     Plaintiff asserts this claim against all defendants.

76.     Defendants, acting in concert and within the scope of their authority, subjected plaintiff to extreme and outrageous conduct which exceeded all reasonable bounds of decency for the sole purpose of causing severe emotional distress to plaintiff.

**EIGHTH CLAIM FOR RELIEF**

**(*Respondeat Superior* Claim Under New York Law)**

77.     Plaintiff repeats and realleges paragraphs "1" through "76" with the same force and effect as if they were fully set forth herein.

78.     Plaintiff asserts this claim against defendant City.

79.     Defendant City is vicariously liable for the acts of the NYPD employees and agents who were on duty and acting in the scope of their employment when they engaged in the above unlawful conduct.

**NINTH CLAIM FOR RELIEF**

**(Negligent Screening, Hiring, and Retention Claim Under New York Law)**

80.     Plaintiff repeats and realleges paragraphs "1" through "79" with the same force and effect as if they were fully set forth herein.

81.     Plaintiff asserts this claim against defendant City.

82.     Defendant City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct.

**TENTH CLAIM FOR RELIEF**

**(Negligent Training and Supervision Claim Under New York Law)**

83.     Plaintiff repeats and realleges paragraphs "1" through "82" with the same force and effect as if they were fully set forth herein.

84.     Plaintiff asserts this claim against defendant City.

85.     Defendant City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

      (A)    Compensatory damages in an amount to be determined at trial;

      (B)    Punitive damages in an amount to be determined at trial;

      (C)    Reasonable attorney's fees and costs of this litigation; and

      (D)    Such other relief as this Court deems just and proper.

Dated: Brooklyn, New York
      February 15, 2017

                           Respectfully submitted,

                           *Robert T. Perry*

                           ROBERT T. PERRY (RP-1199)
                           45 Main Street, Suite 528
                           Brooklyn, New York 11201
                           (212) 219-9410
                           *Attorney for Plaintiff*

TO:    Peter J. Fogarty, Esq. (by ECF)
         Assistant Corporation Counsel
         Special Federal Litigation Division
         New York City Department of Law
         100 Church Street
         New York, New York 10007
         *Attorney for Defendants, The City of New York*
               *and Ian Scheinblum*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ANGELINA RODRIGUEZ,                                  :
                                                     :
                                    Plaintiff,       :
                                                     :
                    -against-                        :
                                                     :
THE CITY OF NEW YORK; IAN SCHEINBLUM;                :
UNDERCOVER OFFICER 276; DANIEL DOOLEY;               :
CHARLES HYLAND; BRIAN BYRNES; STEVEN                 :    16 Civ. 3689 (KPF) (RLE)
JILLING; JAMES ROMANO; DAVID GUEVARA;                :
THOMAS LEE; EDWIN FELICIANO; SPENCER                 :
GARRETT; JOHN McNAMARA; JOHNPAUL                     :
VINCULADO; and JOHN/JANE DOES, Nos. 1-10             :
(the names John and Jane Doe being fictitious, as the :
true names are presently unknown to plaintiff),     :
                                                     :
                                    Defendants.      :
------------------------------------------------------------------x

**SECOND AMENDED COMPLAINT**

ROBERT T. PERRY
45 Main Street, Suite 528
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*